IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE REESE, #192825, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-57-WKW |
| | ) [WO] |
| | ) |
| JUDGE WILLIAM SHASHY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Joe Reese ["Reese"], an indigent inmate presently confined at the Ventress Correctional Facility. In this complaint, Reese challenges the overcrowded conditions of confinement to which he alleges he is subjected. Reese also complains the defendants, William Shashy, a circuit judge for Montgomery County, Alabama, Kim Thomas, Commissioner of the Alabama Department of Corrections, and Robert Bentley, Governor of Alabama, have conspired to allow overcrowding in the prison system. Reese seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.

Upon thorough review of the complaint, the court concludes the plaintiff's claims against Judge William Shashy are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and his claim of

a conspiracy is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

Reese maintains Judge Shashy presides "over the issue of overcrowding and chose to use his bench to conspire with defendants Thomas and Bentley rather than use his powers to enforce Plaintiff 8th and 14th Amendment right[s]" and has therefore allowed "unconstitutional practices of running an overcrowded lack of security [correctional] department." *Complaint - Doc. No. 1* at 2.

### A.  Request for Relief from State Court Actions

1. <u>Non-Final Orders</u>.  To the extent Reese seeks relief from adverse decisions issued by the state court regarding conditions of the Alabama prison system which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Reese could seek reconsideration from the trial court and/or appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Reese to

---

[1] The court granted Reese leave to proceed *in forma pauperis* in this case. *Order of February 1, 2012 - Court Doc. No. 7*. A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

  2. <u>Final Orders</u>. With respect to the claims presented by Reese attacking the constitutionality of orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Reese from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes dismissal of the requests for relief from final orders issued by Judge Shashy in a matter before the Circuit Court of Montgomery County is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B. Request for Monetary Damages from Judge Shashy

To the extent the complaint seeks monetary damages from Judge Shashy, Reese is not entitled to this relief as the allegations emanate from actions taken by Judge Shashy in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is "entitled to absolute judicial immunity from damages for those acts taken while ... acting" pursuant to his judicial authority. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump*

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*v. Sparkman*, 435 U.S. 349 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Accordingly, Reese's request for monetary damages from Judge Shashy is "based on an indisputably meritless legal theory" and is therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### C. The Conspiracy Claim

Reese makes the specious allegation that the adverse conditions of confinement about which he complains are the result of a conspiracy among the defendants to deprive him of his constitutional rights. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Reese with respect to a conspiracy are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts,

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegations, Reese presents nothing to establish an actual conspiracy nor can this court countenance the existence of any evidence which would indicate the defendants entered into a conspiracy to deprive Reese of his constitutional rights. In light of the foregoing, the court concludes that Reese's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims for declaratory and injunctive relief with respect to orders/actions undertaken by Judge William Shashy be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims for damages against Judge William Shashy be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3.  The plaintiff's claims regarding a conspiracy be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  This case, with respect to the conditions claims against defendants Thomas and Bentley, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before March 30, 2012**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of March, 2012.

           /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE