IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE REESE, #192825, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-57-WKW |
| ) | [WO] |
| ) | |
| GOVERNOR ROBERT BENTLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joe Reese ["Reese"], an indigent state inmate incarcerated at the Ventress Correctional Facility, initiated this 42 U.S.C. § 1983 cause of action in January of 201. After reviewing the complaint and other documents filed by the plaintiff, the court dismissed the majority of the plaintiff's claims as they did not warrant relief under 42 U.S.C. § 1983. The only remaining claim presented by Reese was a general, conclusory allegation with respect to alleged overcrowding throughout the Alabama prison system.

After an unsuccessful attempt to obtain an amendment to the complaint from Reese, the court issued an order requiring that Reese file an amended complaint. *Order of February 21, 2012 - Doc. No. 13*. This order contained detailed instructions advising Reese of the manner in which to file the requisite amended complaint. Specifically, the court advised Reese of the deficiencies regarding the majority of his claims and instructed Reese to file an amended complaint (i) identifying "as defendants those individuals personally responsible for the alleged denial of *his constitutional rights*...[,]" and (ii) describing how the named

defendants acted in violation of his constitutional rights.  The court cautioned Reese that he "***must do more than use 'buzzwords' regarding a defendant's actions***.  For instance, the plaintiff cannot simply state that the prison system is 'overcrowded' as a basis for relief but must allege ***facts relevant to his confinement or actions taken against him*** which constitute a violation of rights protected by the Constitution.... ***The plaintiff is cautioned that this case will proceed only against the defendants named and claims presented in the amended complaint***."  *Id*. at 4-5.  The court further cautioned Reese that his failure to file an amended complaint in compliance with the directives of the order would result in a Recommendation that this case be dismissed.  *Id*. at 5.  The time allowed Reese to file the requisite amended complaint expired on March 12, 2012.  As of the present date, Reese has failed to file an amended complaint as required by this court.

In light of Reese's failure to file the requisite amended complaint, the court concludes that the instant cause of action should be dismissed without prejudice.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what her complaint should contain...." ).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the orders of this court.  It is further

ORDERED that **on or before March 17, 2014**, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 3rd day of March, 2014.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE